Cory G. Lee. (SBN 216921) (*Of Counsel*)
**THE DOWNEY LAW FIRM, LLC**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:    (610) 324-2848
Fax:    (610) 813-4579
Email: downeyjsuticelee@gmail.com

Attorneys for Plaintiffs and the proposed Class

# UNITED STATES DISTRICT COURT
## CENTRAL  DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ERIC ROY and ERIC PEREZ on behalf of themselves and on behalf of all other similarly situated individuals,<br><br>            Plaintiffs,<br><br>        v.<br><br>THE WONDERFUL COMPANY, LLC; WONDERFUL CITRUS PACKING, LLC; WONDERFUL PISTACHIOS & ALMONDS, LLC;  POM WONDERFUL HOLDINGS, LLC; TELEFLORA HOLDINGS, LLC; and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT CLASS ACTION**<br><br>1.  **FAILURE TO PAY MINIMUM WAGES;**<br>2.  **FAILURE TO COMPENSATE FOR ALL HOURS WORKED;**<br>3.  **FAILURE TO PAY OVERTIME WAGES;**<br>4.  **FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL AND REST PERIODS**<br>5.  **UNPAID WAGES AND WAITING TIME PENALTIES;**<br>6.  **FAILURE TO PROPERLY ITEMIZED PAYSTUBS;**<br>7.  **VIOLATION OF CALIFORNIA BUSINESSS AND PROFESSIONS CODE.**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 –

Plaintiffs, on behalf of themselves and all other similarly situated individuals, upon information and belief and the investigation of counsel, allege as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2)(A).  Jurisdiction is proper in this Court because alleged damages exceed $5,000,000 and Plaintiff Eric Roy is a citizen of Georgia, while Defendants are incorporated in the state of Delaware with their principal places of business in California.

2.      Venue as to Defendants is proper in this district and division.  Defendants maintain their principle place of business, conduct business, employ Class Members, and have locations in Los Angeles County, and the events complained of occurred in Los Angeles County.

## INTRODUCTION

3.      Plaintiffs and Class Members are non-exempt, hourly employees.

4.      Wonderful is the controlling corporation of Wonderful Citrus Packing, LLC ("Citrus"); Wonderful Pistachios & Almonds, LLC ("Pistachio"); POM Wonderful Holdings, LLC ("POM"); Teleflora Holdings, LLC ("Tele") (hereinafter collectively referred as "Defendants").

5.      This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all others similarly situated current and former nonexempt hourly workers against Defendants to challenge their policies and practices within the applicable class period of (1) requiring their non-exempt employees to work substantial amounts of time without pay; (2) failing to provide their non-exempt employees with legally compliant meal and rest periods to which they are entitled by law at their plant(s) in California, (3) uniformly failing and refusing to pay Rest Period Premiums, (4) uniformly illegally rounding shift time and meal break time to benefit Wonderful and its subsidiaries/co Defendants; (5) uniformly failing to pay rest break premiums to workers not provided with Rest Break; and uniformly failing to pay meal break premiums to workers whose meal breaks were interrupted to answer work related questions posed by supervisory personnel; (6) within the class period failing to provide legally compliant

- 2 –

1    first and second meal breaks within the time limits called for under California law, failing to pay

2    premiums within the class period for these same violations

3         6.      Defendant, The Wonderful Company, LLC ("Wonderful") through its officers,

4    employees, and/or owners, controlled all policies and practices complained of in para. 5, herein.

5    Wonderful chose the time/attendance keeping system used by all Defendants; provided illegal

6    programming specifications to third parties who sold, programmed and/or installed the

7    time/attendance keeping system, and which were then used by and became the policies of its

8    subsidiaries/codefendants for the following illegal practices/policies:

9         •   the rounding of shift time and meal breaks to the benefit of Defendants;

10        •   non payment of premiums for interrupted meal breaks and rest breaks;

11        •    uniform non payment of rest break

12        •   failure to record all hours which were in fact worked by Plaintiffs and Class

13            Members for all hours worked.

14        7.      Similarly, Wonderful controlled and implemented the payroll system which does

15   not correctly specify payment of all monies owed on workers final dates of employment, and does

16   not appropriately set forth wages owed on wage statements/pay stubs.

17        8.      The resultant illegal practices have adversely affected the pecuniary interests

18   Plaintiffs and Class Members and resulted in class wide violations of California law.

19        9.      Plaintiffs seek full compensation on behalf of themselves and all others similarly

20   situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time

21   penalties.  Plaintiffs further seek meal and rest break premiums, on behalf of themselves and the

22   proposed California-law Class, for Defendants' violations of the Labor Code and California

23   Industrial Welfare Commission ("IWC") wage orders, as set forth below.  Plaintiffs also seek

24   declaratory and injunctive relief, including restitution, and punitive damages.  Finally, Plaintiffs

25   seek reasonable attorneys' fees and costs under the California Labor Code, California Code of

26   Civil Procedure § 1021.5, and/or other applicable law.

27

28

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

10.     Plaintiffs and Class Members were required to answer work related questions posed to them by supervisory personnel while on meal and rest breaks, and, as a result were routinely not provided duty free meal or rest breaks.  Defendants uniformly failed to pay Plaintiffs and Class Members meal and rest break premiums for interrupted meal and rest breaks.

11.     Furthermore, Plaintiffs and class members were required by Defendants to answer work related questions after paid time had concluded and before paid time had begun, but were not paid overtime pay on days in which they worked 8 hours or longer and likewise were not paid for all time worked on days of less than 8 hours.

12.     Wonderful chose and implemented the time/attendance keeping system in use by all Defendants.  Wonderful's timekeeping and attendance system not only uniformly denied premiums for interrupted meal breaks, but also was deliberately programmed such that legally non-compliant rest breaks could not be identified and recorded and thus no rest break premiums could be paid to workers not provided with legally compliant rest breaks for any reason.  This policy and practice for uniform denial of due and owing rest break premiums is a direct result of Wonderful's directed policies and practices including the choice of, programming of, and implementation of the time/attendance keeping system.  As a result, Plaintiffs and Class Members, who were not provided with rest breaks, were uniformly NEVER PAID rest break premiums as required under California law within the class period.

13.     Within the class period, the time keeping/attendance keeping system chosen, programmed by and implemented by Wonderful, and in use by all Defendants, failed to identify and allow payment of  premiums to Plaintiffs and Class Members as a result of meal breaks not being provided within 5 hours of the start of work activities, second meal breaks not being provided within 10 hours of the start of work activities on shifts exceeding 12 hours and to workers who had not signed meal break waivers on days in which Plaintiffs and Class Members worked between 10 and 12 hours.  Thus, within the class period Wonderful and Defendants uniformly failed to pay due and owing meal break premiums on days in which Plaintiff and Class Members were not provided with timely, legally-compliant first and second meal breaks.

- 4 –

14.     Defendants' unlawful conduct has been widespread, repeated, and willful throughout their California facility(ies).  Defendants knew, or should have known, that their policies and practices have been unlawful and unfair and were resulting in substantial pecuniary harm to their low wage workers.

**PARTIES**

15.     Plaintiff Eric Roy had been employed by Defendants during the applicable class period up through February 2, 2018.    Plaintiff is a resident of Georgia.

16.     Plaintiff Eric Perez had been employed by Defendants during the applicable class period.  Plaintiff Perez is a resident of California.

17.     Defendant, Wonderful, is a Delaware Corporation with its principal place of business in Los Angeles County, California.

18.     Defendants, Citrus, Pistachio, and POM are all Delaware based Corporations with their principal places of business located in Kern County, California, but for whom substantial decision and policy making occurs at the "nerve center" of Wonderful and witnesses thereto are employed in Los Angeles, California.

19.     Defendant, Tele is a Delaware Corporation with its principal place of business located in Los Angeles, California.

20.     The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiffs, who therefore sue the Doe Defendants by fictitious names.  Plaintiffs are informed, believe, and thereon allege that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiffs' and the Class' damages as herein alleged.  Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

21.     At all relevant times, upon information and belief, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district.  At all relevant times, Defendants, including controlling corporation, Wonderful, have exercised control over the wages,

hours and/or working conditions of Plaintiffs and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged Plaintiffs and Class Members, thereby creating a common law employment relationship.  Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201.  Defendants are also "employers" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

## CLASS ACTION ALLEGATIONS

22.     Eric Roy and Eric Perez were formerly, and during the applicable period of limitations prior to the commencement of this action, employed by Defendants as non-exempt hourly employees at Defendants, California facilities. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(l)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: " All individuals who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' facilities in California, at any time within four years prior to the filing of the original complaint until resolution of this action."

23.     Common illegal policies of Defendants as formulated by their controlling corporation, Wonderful, as uniformly applied to Plaintiffs and Class Members, includes:

- failure to pay for all hours worked;
- failure to pay all overtime wages owed;
- failure to afford legally-compliant meal and rest periods;
- failure to authorize payment of Rest Break premiums by all Defendants when legally compliant Rest Breaks were not provided resulting from the implementation of the time/attendance keeping system of Defendants as directed by Wonderful;
- failure to authorize payment of meal break premiums or rest break premiums when meal and rest breaks were interrupted by work related questions posed by supervisory personnel resulting from the implementation of the time/attendance keeping system of Defendants as directed by Wonderful;

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

- failure to authorize payment of meal break premiums when meal breaks did not start within 5 hours, when second meal breaks were not provided within 10 hours on of the start of shifts of 12 hours, or longer, not to pay meal break premiums to workers on shifts of between 10 and 12 hours to workers who had not signed meal break waivers, but who had not signed meal break waivers, waiving second meal breaks on shifts of between 10 and 12 hours resulting from the implementation of the time/attendance keeping system of Defendants as directed by Wonderful;

- failure to pay all wages due and owing upon termination of employment resulting from the implementation of the time/attendance keeping system of Defendants as directed by Wonderful;

- failure to issue legal compliant wage statements/pay stubs resulting from the implementation of the time/attendance keeping system and/or payroll systems of Defendants as directed by Wonderful;

- illegally rounding of shift and meal break hours, to illegally benefit Wonderful and all Defendants resulting from the implementation of the time/attendance keeping system of Defendants as directed by Wonderful;

- failure to track required work performed by non-exempt hourly workers after paid hours.

24. Numerosity: Class Members are so numerous that joinder is impracticable. Although the exact number of Class Members is unknown to Plaintiff, Plaintiff avers, upon information and belief, that the Class includes thousands, if not tens of thousands, of employees.

25. Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

26. Adequacy of Representation:  Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of

- 7 –

1   the Class.  Counsel representing Plaintiffs and the Class are competent and experienced in

2   litigating large employment class actions, including large minimum-wage and overtime class

3   actions.  Plaintiffs will fairly and adequately represent and protect the interests of Class Members.

4          27.     Superiority of Class Action:  A class action is superior to other available means for

5   the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is

6   not practicable, and questions of law and fact common to the Class predominate over any

7   questions affecting only individual Class Members.  Each Class Member has been damaged and is

8   entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action

9   treatment will allow those similarly situated persons to litigate their claims in the manner that is

10  most efficient and economical for the parties and the judicial system.

11         28.     Nature of Notice:  Plaintiffs contemplate mail notice to the class derived from the

12  employment rolls of Defendants  The Notice will provide notice to the putative class members of

13  the nature of this action in English and Spanish as well as provide putative class members the

14  opportunity to opt-out of this class action via opt-out postcard or email.

15

16                          **FIRST CAUSE OF ACTION**

17                          **Failure to Pay Minimum Wages**

18                          **(Against All Defendants)**

19         29.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

20  forth herein.

21         30.     During the applicable statute of limitations period through present, Defendants, and

22  each of them, employed Plaintiffs and Class Members as nonexempt hourly employees.

23         31.     During the applicable statute of limitations period through present, Defendants, and

24  each of them, paid Plaintiffs and Class Members less than the applicable minimum wage for all

25  hours worked.

26         32.     Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001

27  and/or other applicable Wage Orders, and 8 CCR §11080, Defendants, and each of them, were

28

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

1  obligated to pay Plaintiffs and Class Members at least the minimum wage of $8.00 per hour for all

2  hours worked during the applicable statute of limitations period through present.

3         33.     Pursuant to Labor Code § 1194, Plaintiffs and Class Members are entitled to

4  recover unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code

5  §§ 3287 and 3289) and attorneys' fees and costs.

6         34.     Pursuant to Labor Code §1194.2, Plaintiffs and Class Members are entitled to

7  recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest

8  thereon.

9         35.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or

10  persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code

11  §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080,

12  among other provisions regulating hours and days of work, and are individually subject to civil

13  penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee

14  for each pay period for which the employee was underpaid in addition to an amount sufficient to

15  recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

16  underpaid employee for each pay period for which the employee was underpaid in addition to an

17  amount sufficient to recover underpaid wages.

18         36.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

19                           **SECOND CAUSE OF ACTION**

20                   **Failure to Compensate for All Hours Worked**

21                           **(Against All Defendants)**

22         37.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

23  forth herein.

24         38.     California Labor Code §204 provides that wages for all work performed must be

25  paid "twice during each calendar month, on days designated in advance by the employer as the

26  regular paydays."

27

28

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

39.     Plaintiffs and the Class were required by Defendants to work without compensation for work they performed and moreover, were subject to an illegal rounding policy which worked to the benefit of all Defendants.  Thus, Plaintiffs and Class Members were forced to perform work for the benefit of Defendants without compensation.

40.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiffs and the Class with compensation for all time worked as required by California law.  Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the Class.  Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

41.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.  Pursuant to Labor Code § 218.5 and 218.6, Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

42.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

43.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**(Against All Defendants)**

44.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

45.     California Labor Code §510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

46.     The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions….

47.     California Labor Code §1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

48.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of

- 11 –

1   time, task, piece, commission basis or other method of calculation." All such wages are subject to

2   California's overtime requirements, including those set forth above.

3        49.    Defendants' across-the-board policy of requiring Plaintiffs and the Class to perform

4   substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiffs

5   and Class Members have worked overtime hours for Defendants without being paid overtime

6   premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

7        50.    Defendants have knowingly and willfully refused to perform their obligations to

8   compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate

9   result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in

10   amounts to be determined according to proof at time of trial, but in an amount in excess of the

11   jurisdictional requirements of this Court.

12        51.    Defendants are liable to Plaintiffs and the Class alleged herein for unpaid overtime

13   and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of

14   attorneys' fees and costs as set forth below.

15        52.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

16                            **FOURTH CAUSE OF ACTION**

17          **Failure to Provide Legally-Compliant Meal and Rest Periods**

18                       **(Against All Defendants)**

19        53.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

20   forth herein.

21        54.    California Labor Code §§226.7 and 512 and the applicable IWC wage orders

22   require Defendants to provide meal and rest periods to their nonexempt, hourly employees. Labor

23   Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee

24   for more than five hours without a meal period of not less than 30 minutes, and from employing an

25   employee more than ten hours per day without providing the employee with a second meal period

26   of not less than 30 minutes. Section 226.7 and the applicable wage orders also require employers

27   to provide employees ten minutes of net rest time per four hours or major fraction thereof of work,

28

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

55.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

56.     Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to afford Plaintiffs and the Class an opportunity to take legally compliant meal and rest periods.  Moreover, even after eventually being released for a meal and/or rest period, Plaintiffs and Class Members were still required to work, and thus were never afforded a full, uninterrupted 30-minute meal period.   Additionally, Defendants continued to exercise control over Plaintiffs and Class Members during meal and/or rest periods.  Defendants have also failed to pay Plaintiffs and the Class one hour of pay for each off-duty meal and/or rest period that they were not afforded.  Defendants' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

57.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

- 13 –

1  underpaid employee for each pay period for which the employee was underpaid in addition to an

2  amount sufficient to recover underpaid wages.

3       58.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

4  **FIFTH CAUSE OF ACTION**

5  **Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

6  **(Against All Defendants)**

7       59.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

8  forth herein.

9       60.    Labor Code §201 provides:

10     If an employer discharges an employee, the wages earned and unpaid at the
11     time of discharge are due and payable immediately.

12      61.    Labor Code §202 provides:

13     If an employee not having a written contract for a definite period quits his or her
14     employment, his or her wages shall become due and payable not later than 72 hours
       thereafter, unless the employee has given 72 hours previous notice of his or
15     her intention to quit, in which case the employee is entitled to his or her wages at
       the time of quitting.

16      62.    Labor Code §203 provides, in relevant part:

17
18     If an employer willfully fails to pay, without abatement or reduction, in
       accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
19     employee who is discharged or who quits, the wages of the employee shall
       continue as a penalty from the due date thereof at the same rate until paid or
20     until an action therefore is commenced; but the wages shall not continue for
       more than 30 days.

21      63.    Class Members have left their employment with Defendants during the

22 statutory period, at which time Defendants owed them their unpaid wages.  Defendants

23 have willfully refused, and continue to refuse, to pay Class Members all the wages that

24 were due and owing them upon the end of their employment.  As a result of Defendants'

25 actions, the Class has suffered and continues to suffer substantial losses, including lost earnings

26 and interest.

27

28

- 14 –

64.     Defendants' willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202.  As a result, Defendants are liable to Plaintiffs and Class Members for all penalties owing pursuant to Labor Code §§201-203.

65.     Additionally, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

66.     Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

67.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All Defendants)**

68.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

69.     At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70.     Plaintiffs believe, and therefore allege, that Defendants failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation):  all the hours that Plaintiffs (and others similarly-situated) worked; gross

- 15 –

wages earned; net wages earned; total hours worked; and due and owing meal- and rest-period premiums.

71.     Plaintiffs allege that Defendants' failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that he (and others similarly-situated) suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiffs (and others similarly-situated) are "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

72.     Plaintiffs are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

### SEVENTH CAUSE OF ACTION

### Violation of California Business and Professions Code §§17200, *et seq*.

### (Against All Defendants)

73.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

74.     California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

75.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

76.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

77.     Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

      a.     violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

      b.     violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

      c.     violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and

      d.     violations of Labor Code §§201-203.

78.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

79.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

80.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

81.     As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages that

are due and payable to them.

82.     Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.  Plaintiffs and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

83.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

84.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.     Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2.     For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3.     For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq*. as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5.     For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.     For an order awarding Plaintiffs and Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to

- 18 –

1    Plaintiffs and Class Members, together with interest on these amounts, according to proof;

2       7.      For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor

3    Code provisions cited herein, with interest thereon.

4       8.      For an award of reasonable attorneys' fees as provided by the California Labor

5    Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

6       9.      For all costs of suit; and

7       10.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

8

9    The Downey Law Firm, LLC

10   _____

11   Cory G. Lee
     Counsel for the Plaintiffs and the putative class

12   Dated:  January 24, 2019

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
Roy, *et al.* v. The Wonderful Company, *et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Respectfully submitted,

The Downey Law Firm, LLC

_____

Cory G. Lee

Counsel for the Plaintiffs and the putative class

Dated:  January 24, 2019

- 20 –